UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Unlimited Pins LLC,

   Plaintiff,

v.

Schenk, Price, Smith & King, LLP, *et. al.*,

   Defendants.

Docket No.: 2:23-cv-03338

**OPINION AND ORDER AFFIRMING MAGISTRATE JUDGE'S DISCOVERY ORDER**

**WILLIAM J. MARTINI, U.S.D.J.:**

 This is an appeal of Magistrate Judge Espinosa's discovery order in Plaintiff's action for legal malpractice, breach of contract and breach of fiduciary duty stemming from Defendants' alleged simultaneous representation of Plaintiff and companies with whom Plaintiff conducted business. Plaintiff alleges that starting in or around 2009, Defendants represented Plaintiff in connection with Plaintiff's practice of issuing business-to-business loans. Among the recipients of these loans were at least two companies owned or controlled by non-party Chaim Nash: PCS Wireless ("PCS") and V3, 231, LLC ("V3"). Around the same time, Defendants also allegedly began representing "PCS, V3 and/or their principal and/or other entities owned and/or controlled by their principal." ECF No. 1 ¶ 11. Plaintiff alleges that "[i]n the ensuing years, Marotte and SPSK established a pattern and practice of favoring PCS, V3 and their principal's interests over those of [Plaintiffs' principals'] jointly-owned companies." *Id.* Plaintiff alleges that this conflict was discovered when a collections dispute arose between Plaintiff and V3, at which point Defendants informed Plaintiff that Defendants would be representing V3 in the dispute. *Id.* ¶ 32.

**Procedural History**

1

On June 21, 2024, the parties jointly submitted a discovery dispute letter to Magistrate Judge Espinosa concerning two of Plaintiff's interrogatories and Defendants' responses. ECF No. 27. The first disputed interrogatory requests "the full legal name of each company that SPSK has represented that is owned in whole or in part by Chaim Nash, not including public companies." *Id.* at 1. The second requests "[t]he case name and docket number for all lawsuits in which SPSK and/or Marotte represented Chaim Nash, PCS, VIP Wireless, Duffield and/or any company in which Chaim Nash had an ownership interest, not including public companies." *Id.* at 2. Defendants objected to each request as "irrelevant, overly broad, unduly burdensome and harassing, and to the extent it seeks information protected from disclosure by the attorney-client privilege." *Id.* at 1-2. Plaintiffs requested more specific answers to each interrogatory and Defendants stood on their objections, responding in part that "[t]he rules of discovery do not require a law firm to disclose information regarding their representation of other clients." *Id.* Plaintiffs requested that the Magistrate Judge compel Defendants to answer the interrogatories. *Id.* at 7-8.

On August 5, 2024, the Magistrate Judge granted Plaintiff's request, compelling Defendants to respond to Plaintiff's interrogatories subject to a discovery confidentiality order to protect Nash's personal information from public disclosure. ECF No. 28. The Magistrate Judge noted that Plaintiff "allege[d] that Defendants' divided loyalty and its detrimental effect on Plaintiff stem from their representation of Nash and/or entities in which he has an ownership interest and their alleged pattern of favoring Nash and the Nash-owned entities." *Id.* at 4-5. He ruled that the discovery sought was relevant because it "relate[d] to the breach of fiduciary duty claim and Plaintiff's effort to determine the degree and extent to which the subject conflict of interest existed." *Id.* at 5. He ruled that it was "proportional to the needs of this case, particularly in view

of Plaintiff's allegations of a pervasive pattern in which Defendants favored Nash's and/or the Nash-owned entities' interests over Plaintiff's and deceived Plaintiff as to their relationship with Nash and his companies." *Id.* And he ruled that the discovery sought was not protected by the attorney-client privilege. *Id.* at 5-6.

On August 20, 2024, Defendants appealed the Magistrate Judge's Order and requested a stay of its effect pending this Court's ruling. ECF Nos. 32, 33. The Magistrate Judge denied the stay request, instead staying the effect of his Order until the sooner of September 16, 2024 or this Court's decision. ECF No. 35. When briefing closed on the instant appeal, Defendants renewed their motion for a stay pending this Court's decision. ECF No. 38.

**Legal Standard**

A district court may reverse a Magistrate Judge's non-dispositive order if the ruling is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). When "the magistrate [judge] has ruled on a non-dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion." *Kresefsky v. Panasonic Communs. & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996). The appellant bears the burden of demonstrating that the standard for modifying or setting aside the Magistrate Judge's ruling has been met. *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).

**Discussion**

Defendants' appeal focuses on the Magistrate Judge's determination that the information requested is relevant and proportional.[1] Defendants argue that the Magistrate Judge clearly erred

---

[1] Defendants' appeal does not challenge the Magistrate Judge's determination that the attorney-client privilege does not protect the information requested.

by finding that Plaintiff "pled any breach of fiduciary duty claim beyond the claim that Defendants allegedly improperly represented both Plaintiff and V3 in the same loan transaction." ECF No. 32-1 at 7. They claim that because Plaintiff's complaint does not allege any breach of fiduciary duty arising out of Defendants' relationship with Nash-owned companies *other than* V3, Defendants' representation of those other companies is not relevant here. Defendants alternatively argue that the Magistrate Judge should have required Plaintiffs to compile a list of their loan recipients from which Defendants could identify their clients, which they say would be less intrusive. Finally, Defendants argue that if the Magistrate Judge's Order goes into effect, it should be time-limited to exclude information regarding Defendants' representation of Nash entities after they stopped representing Plaintiff. The Court addresses each in turn.

*i.* *Compelling Response to Interrogatories*

Defendants' primary challenge is to the discoverability of the information sought by Plaintiff's challenged interrogatories. "The scope of permissible discovery under the Federal Rules of Civil Procedure is broad." *Kresefsky*, 169 F.R.D. at 64.

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.
> Fed. R. Civ. P. 26(b)(1).

The Magistrate Judge did not abuse his discretion by concluding that the discovery sought by Plaintiff was relevant and proportional and therefore fell within the bounds of permissible discovery. The Magistrate Judge held that "the Complaint alleges that Defendants' divided loyalty and its detrimental effect on Plaintiff stem from their representation of Nash and/or entities in

4

which he has an ownership interest and their alleged pattern of favoring Nash and the Nash-owned entities." ECF No. 28 at 4-5. He cited Plaintiff's allegations that Defendants represented "PCS, V3 **and/or their principal and/or other entities owned and/or controlled by their principal**," ECF No. 1 ¶ 11 (emphasis added), and that Plaintiff was deceived as to the "extent of the relationship" between Defendants and "V3, PCS and their principles," *id.* ¶ 50. As to proportionality, the Magistrate Judge determined that Plaintiff's allegations of a pattern of favoring Nash and Nash-owned entities warranted discovery of relevant information regarding the extent of Defendants' relationship with Nash and Nash-owned entities. *See* ECF No. 28 at 5.

Defendants' suggestion that the relevance of Plaintiff's interrogatories depends on their relationship to specific allegations in the Complaint also fails as a matter of law. "[D]iscovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978); *see also Cement Masons' Union Local No. 592 Pension Fund v. Almand Bros. Concrete, Inc.*, No. 14-CV-5413 JBS/AMD, 2015 WL 3604747, at *6 (D.N.J. June 8, 2015) ("Because discovery is designed to help define and clarify the issues, it is not limited to issues raised by the pleadings." (citation omitted)).

  *ii.* *Less Intrusive Means*

The Magistrate Judge acted within his discretion in choosing to enter a discovery confidentiality order instead of employing Defendants' requested alternative means of addressing Nash's privacy concerns. While Defendants argue that their alternative would be less intrusive and, in their view, more proportional to the needs of the case, they have not met their burden to demonstrate either that the Magistrate Judge's Order compelling responses to the interrogatories is disproportional, nor that their own recommended remedy would be *more* proportional—

Defendants' suggested remedy merely shifts the burden of production and disclosure from themselves to Plaintiff. The Magistrate Judge's decision to instead mitigate the privacy concerns posed by Nash through the issuance of a discovery confidentiality order is consistent with the standard practice of courts in this District. *See In re Valsartan N-Nitrosodimethylamine (NDMA), Losartan, & Irbesartan Prod. Liab. Litig.*, 512 F. Supp. 3d 546, 550 (D.N.J. 2021).

### iii. Time Limitation

Defendants' final request asks the Court to "provide that Defendants are not required to provide information post-dating their representation of Plaintiff in a loan transaction." ECF No. 32-1 at 7. Defendants requested the same relief in the parties' June 21, 2024 discovery letter to the Magistrate Judge. Plaintiff responded in its opposition that Defendants represented Plaintiff as recently as March 2023, "three months before Plaintiff filed this case," ECF No. 36 at 11, citing an invoice from Defendants to Plaintiff dated March 20, 2023, ECF No. 36-1 at 139. The invoice is for professional services rendered "for the period ending February 28, 2023." *Id.* These "professional services" appear to be related to the transfer of escrow funds that Defendants held as Plaintiff's one-time escrow agent. *See* ECF No. 1 ¶ 62. As of the date of the complaint, the parties continued to dispute whether a remaining balance in the escrow account belonged to Defendants as payment for legal services or were improperly withheld and owed to Plaintiff. *See id.* at ¶¶ 64-65. The Magistrate Judge did not address Defendants' request in his Order, but in compelling responses to the interrogatories as written, implicitly declined to adopt a time limit. In light of the continued entanglement between the parties, the Magistrate Judge could have reasonably determined that Defendants' recent representations of Nash-owned companies remains relevant to issues presented by the complaint. The Magistrate Judge did not abuse his discretion by declining to adopt a time limitation.

## Conclusion

In light of the foregoing, the Magistrate Judge's August 5, 2024 Order, ECF No. 28, is **AFFIRMED**. Defendants' stay application, ECF Nos. 38, is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

**Date:** September 12, 2024

William J. Martini, U.S.D.J.